**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                         :
FRANK CALDERONE, et al.,                 :  CIVIL ACTION NO. 10-3539 (MLC)
                                         :
      Plaintiffs,                        :  MEMORANDUM OPINION
                                         :
      v.                                 :
                                         :
ALLIANCE MORTGAGE COMPANY,               :
et al.,                                  :
                                         :
      Defendants.                        :
                                         :
```

**COOPER, District Judge**

   The plaintiffs, Frank Calderone and Antoinette Calderone ("Calderones"), brought this action in New Jersey state court ("State Court Action") against the defendants, Alliance Mortgage Company ("Alliance"), EverHome Mortgage Company ("EverHome"), and Chase Manhattan Mortgage Corp. ("Chase") (collectively, "Defendants"), alleging that Defendants overcharged and refused to refund them monies paid in connection with their mortgage, and that they violated "Federal and New Jersey State Banking Regulations."  (Dkt. entry no. 2, Rmv. Not., Ex. A, Compl. at 2-3.)  Defendants removed to this Court, on the basis of 28 U.S.C. § 1331, because the Calderones asserted claims arising under the laws of the United States, namely "Federal Banking Regulations." (Rmv. Not. at 2.)  The parties stipulated the dismissal, without prejudice, of Alliance and Chase. (Dkt. entry no. 16, Stipulation of Dismissal.)  EverHome now moves for summary judgment.  (Dkt. entry no. 18, Mot. for Summ. J.)

The Calderones have not opposed EverHome's motion for summary judgment, and the time for the Calderones to oppose the motion expired long ago. (See ECF note after dkt. entry no. 18; ECF note after dkt. entry no. 20.) The Court determines the motion without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the motion.

## BACKGROUND

On February 5, 1986, Frank Calderone and another individual signed a mortgage ("Mortgage") serviced by Chase, and executed an adjustable rate note ("Note"). (Dkt. entry no. 18, Def. Stmt. of Undisputed Facts ("Facts") at ¶¶ 1, 2, 7; dkt. entry no. 18, Aff. of Kim McManus ("McManus Aff."), Ex. 1, Mortgage; dkt. entry no. 18, Aff. of Marianne Johnston ("Johnston Aff."), Ex. C, Calderone Dep. at Ex. 1, Note.) The Note sets forth the terms for adjusting the interest rate and monthly payment changes therein. (Note at ¶ 4.) The Note also sets forth the terms governing late charges for overdue payments under the Note. (Note at ¶ 7.) The Mortgage sets forth the terms governing the escrow of monies for payment of taxes and insurance on the Calderones' mortgaged property. (Facts at ¶ 6.)

In February 2001, Alliance took over loan servicing from Chase. (Facts at ¶ 7.) In August 2001, Frank Calderone contacted Alliance in response to notification that his escrow

balance was short. (Facts at ¶ 8.) He subsequently filed administrative complaints against Alliance in both New Jersey and Florida. (Facts at ¶¶ 10-11.) In 2004, Frank Calderone also sent a letter to his Congressman, who forwarded the request for assistance to the United States Department of Housing and Urban Development ("HUD"). (Facts at ¶¶ 12-13.) No entity made any finding of wrongdoing on the part of the Defendants. (Calderone Dep. at 25-26.) In February 2004, Alliance changed its name to EverHome. (Facts at 3 n.1.)

The Calderones embarked on further attempts to clarify the status of their escrow account between 2002 and 2005. (See Calderone Dep. at Ex. 5; id. at 28-29.) Alliance and EverHome sent the Calderones detailed letters in 2003 and 2005, laying out their transaction record and payment history. (Calderone Dep. at Ex. 6, Ex. 8.) Another document was later provided to the Calderones, detailing the loan history of the Mortgage from 2001 to 2006. (Facts at ¶ 21; Calderone Dep. at Ex. 9.) But Frank Calderone claims that the spreadsheet he and his accountant assembled conflicts with this information, and that his accountant did not understand where Defendants' numbers came from. (Calderone Dep. at 42-43, 109.)[1] For at least some of the

---

[1] The Court has not been provided with the Calderones' spreadsheet. The Deposition transcript indicates that it was marked as Exhibit Calderone-9 (Calderone Dep. at 42), but later a different spreadsheet from Defendants was also marked as Exhibit Calderone-9, and this is what appears in Defendants' moving papers. (Calderone Dep at 108; id. at Ex. 9.)

charges, however, Frank Calderone admitted it was "fair" to say that he did not claim they were incorrect, just that he did not understand why they appeared. (Id. at 105-06.)

The Calderones seek an accounting and refund of $29,822.42 as well as punitive damages. (Compl. at 2-3.)

## DISCUSSION

### I.  Summary Judgment Standard

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009) (citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

A movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion. Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Instead, the Court may grant the unopposed motion "if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(2)-(3); see also Anchorage Assocs., 922 F.2d at

175; Bryant v. Nolan, No. 09-2672, 2011 WL 1343017, at *2 (D.N.J. Apr. 7, 2011) ("The nonmoving party's failure to respond to the motion does not mean summary judgment is warranted . . . The Court must still determine . . . whether the motion and supporting materials show that the movant is entitled to it.")  An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law.  Anchorage Assocs., 922 F.2d at 175.

"If the nonmoving party fails to oppose the motion [for summary judgment] by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support."  Kadetsky v. Egg Harbor Twp. Bd. of Educ., 164 F.Supp.2d 425, 431 (D.N.J. 2001) (quotations and citations omitted); see also Bryant, 2011 WL 1343017, at *2 ("Failure to oppose the motion does mean, however, that the Court may consider facts asserted by the moving party 'undisputed for the purposes of the motion.'").  Further, even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment."  Stasicky v. S. Woods State Prison, No. 03-369, 2007 WL 1723467, at *6 (D.N.J. June 12, 2007) (alteration in original) (quotation and citation omitted).

5

**II.   Legal Standard Applied Here**

    **A.   Count One - Overpayment of Escrow**

The Calderones claim that Chase, Alliance, and EverHome overcharged them $29,822.42 from 1997 to 2005.  (Compl. at 2.) EverHome argues that the Calderones have not presented any evidence or explanation to support this unsubstantiated allegation.  (Dkt. entry no. 18, Def. Br. at 9, 13.)

At the outset, EverHome contends that any claims for payments made before May 27, 2004 are time-barred by the state statute of limitations.  (Id. at 4.)  "Every action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal . . . shall be commenced within 6 years next after the cause of any such action shall have accrued." N.J.S.A. § 2A:14-1.  The Court does not have the benefit of any opposition briefing and is concerned that a different, sixteen-year statute of limitations might apply.  See N.J.S.A. § 2A:14-4; Rickenbach v. Wells Fargo Bank, N.A., 635 F.Supp.2d 389, 396-98 (D.N.J. 2009).  However, whether their claim is barred by a statute of limitations, EverHome is entitled to summary judgment because the Calderones have not met their burden to demonstrate a genuine dispute of fact.

EverHome has provided evidence showing that Alliance provided an accounting of the Calderones' escrow balance, payment history, and late fees from January 1997 to August 2003.

6

(Calderone Dep. at Ex. 6.)  This accounting also attempts to deal with some of the discrepancies between the parties' numbers. (Id.)  EverHome has also provided evidence that in 2005 it provided another account analysis from 1997 to March 2005, and that it invited the Calderones to furnish missing documentation for specific payments the Calderones apparently alleged making. (See Calderone Dep. at Ex. 8.)  Finally, EverHome has provided evidence that independent investigations, undertaken by the New Jersey Department of Banking and Insurance Consumer Services Bureau in 2002 and HUD in 2004, concluded that Alliance and EverHome had not violated any laws.  (McManus Aff., Ex. 2, 12-31-02 McGowan Letter; Calderone Dep. at Ex. 4; id. at 24-26.)

    As EverHome argues, the Calderones have not produced any evidence to rebut these facts or otherwise demonstrate that EverHome overcharged them.  They did not respond to this motion. They did not respond or object to EverHome's statements of material facts.  (Dkt. entry no. 20, Def. Rep. at 1.)  They did not respond to EverHome's Request for Admission or Interrogatories.  (Johnston Aff. at ¶ 8.)  They have not furnished the Court with their accountant's reports, which the Magistrate Judge ordered produced.  (Dkt. entry no. 15, 11-9-10 Order.)  They have not responded to EverHome's other document requests.  (Johnston Aff. at ¶ 9.)

With respect specifically to any alleged overcharges from June 2004 to December 2005, the Calderones are deemed to have admitted their monthly payments were correct. EverHome's Request for Admission stated that "Plaintiffs' . . . monthly payment under the Mortgage Note is correct" for each month from June 2004 to December 2005. (See, e.g., Johnston Aff., Ex. D, Req. For Admis. at 2.) Under Rule 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36; see also Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 577 (D.N.J. 2008) (deeming admitted matters addressed in unanswered requests) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976) (finding that deemed admission was properly considered in motion for summary judgment)). The Calderones did not respond or object. (Def. Br. at 10; Req. For Admis.) Thus, the Court deems these statements admitted.

"The non-moving party must offer admissible evidence that establishes a genuine issue of material fact . . . not just 'some metaphysical doubt as to the material facts.' . . . If the non-moving party fails to demonstrate proof beyond a 'mere scintilla' of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment." Love v.

8

Monroe Twp., No. 09-1665, 2011 WL 765981, at *3 (D.N.J. Feb. 25, 2011) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Big Apple BMW v. BMW of N. Am., 974 F.2d 1358, 1363 (3d Cir. 1992)).  The non-moving party "may not rest upon the mere allegations or denials in its pleadings" nor "rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment."  Ezekwo v. City of Paterson Historic Preservation Comm'n, No. 08-1878, 2011 WL 923520, at *2 (D.N.J. Mar. 14, 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 324 (1986); Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999)).  As discussed above, the Calderones have provided no evidence to support their claim.  Thus the Court finds that there is no genuine issue as to whether the Calderones were overcharged or whether EverHome refused to refund any monies due them.  Therefore, EverHome is entitled to summary judgment.

**B.   Count Two - Banking Regulations**

In Count Two, the Calderones simply assert that EverHome's conduct "violated Federal and New Jersey State Banking Regulations."  (Compl. at 3.)  The Calderones have not offered, in any opposition to the pending motion or otherwise, any clarification as to what laws they claim EverHome violated.  Nor have they supported any of their claims of overcharging alleged in the Complaint.  Thus, there is no genuine dispute of fact and

the Court will grant the motion for summary judgment in EverHome's favor on this claim.  Cf. Oshinsky v. N.Y. Football Giants, Inc., No. 09-1186, 2009 WL 4120237, at *7 n.7 (D.N.J. Nov. 17, 2009) (granting motion to dismiss where plaintiff's "invitation to consider 'violations of state consumer protection acts' without individually citing to these statutes or alleging facts to support claims pursuant to these statutes is nothing more than a sweeping legal conclusion insufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure.").

**CONCLUSION**

The Court, for the reasons stated supra, will grant EverHome's motion for summary judgment.  The Court will issue an appropriate order and judgment.


                                                  s/Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Dated:    April 29, 2011