**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK CALDERONE, et al., | : | CIVIL ACTION NO. 10-3539 (MLC) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : |  |
| ALLIANCE MORTGAGE COMPANY, et al., | : |  |
| Defendants. | : |  |

**THIS ACTION** was designated as closed following the issuance of (1) the Stipulation of Dismissal, entered December 17, 2010 ("December 2010 Stipulation"), dismissing the claims asserted against the defendants Alliance Mortgage Company ("AMC") and Chase Manhattan Mortgage Corp. ("CMMC") without prejudice, and (2) the Opinion, and the Order and Judgment, entered May 2, 2011 ("May 2011 Opinion and Order"), granting the motion by the defendant Everhome Mortgage Company ("EMC") for summary judgment and entering judgment in EMC's favor.  (See dkt. entry no. 22, 5-2-11 Order & J.; dkt. entry no. 21, 5-2-11 Op.; dkt. entry no. 16, 12-17-10 Stip.)

**BY AN ORDER**, entered December 15, 2011 ("December 2011 Order"), the Court reopened the action at the plaintiffs' request in order to allow them to have an opportunity to show good cause

why they should be permitted to nonetheless proceed with their claims.  (See dkt. entry no. 26, 12-15-11 Order.)[1]

**THE PLAINTIFFS** have filed two handwritten, multi-page submissions with exhibits in response to the December 2011 Order. (See dkt. entry nos. 29 & 30.)  The Court has carefully reviewed each of these submissions.  The Court concludes that the plaintiffs — despite the opportunity provided by the Court — have failed to address the merits of the May 2011 Opinion and Order pursuant to Federal Rule of Civil Procedure 60, Local Civil Rule 7.1(i), or any other standard.  Therefore, the Court will not vacate the May 2011 Opinion and Order, and the judgment in EMC's favor will remain.

**THE COURT** will vacate the December 2010 Stipulation, as it merely dismissed the claims against AMC and CMMC without prejudice, and imposed no particular requirements on the parties for seeking to vacate it.  Cf. Drayton v. Kyler, 235 Fed.Appx. 917, 919-20 (3d Cir. 2007) (describing order permitting parties to seek to reinstate an action that had been settled pursuant to a particular procedure).

**BUT THE PLAINTIFFS**, despite the opportunity provided by the Court, have failed to clearly state a jurisdictional basis for the claims asserted against AMC and CMMC.  See Mackay v. Keenan

---

[1] The Court assumes that the parties are familiar with the contents of the December 2010 Stipulation, May 2011 Opinion and Order, and December 2011 Order.

Mercedes Benz, 340 Fed.Appx. 127, 128 (3d Cir. 2009); Scibelli v. Lebanon Cnty., 219 Fed.Appx. 221, 222 (3d Cir. 2007); see also 28 U.S.C. § 1332.  The allegations concerning violations of federal banking regulations remain vague and unsupported.  (See dkt. entry no. 2, Rmv. Not, Ex. A, Compl. at 3.)  The Court will thus dismiss these claims for lack of subject matter jurisdiction.

    **THE PLAINTIFFS' PLEADINGS**, insofar as they concern AMC and CMMC, also fail to meet the requirements of the Federal Rules of Civil Procedure.  The plaintiffs' submissions, given the most liberal reading, do not contain the requisite short and plain statement of a claim showing entitlement to relief.  See Fed.R.Civ.P. 8(a)(2); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (pleading will not suffice if it tenders naked assertions devoid of further factual enhancement); Tillio v. Spiess, 441 Fed.Appx. 109, 110 (3d Cir. 2011) (affirming district court's judgment dismissing five-page handwritten complaint for being rambling, unclear, and failing to meet the pleading standards set forth in the Federal Rules of Civil Procedure).  The charts submitted by the plaintiffs — featuring handwritten notes, arrows, question marks, and circles — do not suffice.  The Court would thus alternatively dismiss these claims for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

    **THE COURT** will reassert that judgment is entered in EMC's favor, dismiss the apparent claims asserted against AMC and CMMC

with prejudice, and terminate the action.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                                     s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: August 15, 2012